IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

KEITH TILSON                                                                                         PLAINTIFF

V.                                    4:09-cv-00867-BSM-JJV

MATTHEW, Corporal, Faulkner County Detention
Center; LUMPKINS, Nurse, Faulkner County
Detention Center; STEWART, Dr., Faulkner
County Detention Center; and FAULKNER COUNTY                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you

1

must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Faulkner County Detention Center, filed this action alleging claims of deliberate indifference. Pursuant to the screening function of the Prison Litigation Reform Act, the Court ordered Plaintiff to file a properly completed Application to Proceed *In Forma Pauperis* (Doc. No. 3). This Order was entered on December 1, 2009 (Doc. No. 3) and mailed to Plaintiff at the only address he has provided to the Court – the Faulkner County Detention Center. On December 3, 2009, that correspondence was returned to the Court as undeliverable, marked "R[eturn] T[o] S[ender] - no longer here" (Doc. No. 5).

Plaintiff has not provided the Court with any other address, nor does he appear to have

been remanded to the custody of the Arkansas Department of Correction. Plaintiff was cautioned in the Court's last order that the failure to submit the filing fee could result in the dismissal of his lawsuit, and the Court's initial order informed Plaintiff of his responsibilities under Local Rule 5.5(c)(2).[1] Plaintiff has not monitored the progress of his case nor has he provided a current address, despite having been instructed to do so.

Under these circumstances, the Court concludes that Plaintiff's Complaint should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2). *See also* Fed. R. Civ. P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)(district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985))(a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'")(emphasis added); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983)(it is well settled that the district court has inherent power,

---

[1] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

IT IS THEREFORE RECOMMENDED that Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2).

DATED this 9th day of December, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE